MABEL NARELL *vs.* ANTONIO SASSO.

MARCH 29, 1950.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

CONDON, J. This is an action of trespass for assault and battery which was tried to a jury in the superior court and resulted in a verdict for the plaintiff in the sum of $1400. The trial justice denied defendant's motion for a new trial. Defendant excepted to such denial and has duly prosecuted a bill of exceptions to this court containing that exception and seven others to the denial of his requests to charge the jury. However, he has expressly waived exceptions numbered 2, 3, 5, 6 and 7 and has briefed and argued only exceptions 1, 4 and 8 to the denial of two such requests and of the motion for a new trial respectively.

Plaintiff's declaration alleged a simple assault and battery upon her by the defendant. Defendant pleaded the general issue and also a special plea of self-defense to which plaintiff filed a replication. On such pleadings the case proceeded to trial.

Plaintiff and defendant occupied apartments opposite to each other in the same building. The evidence for the plaintiff was substantially to the effect that the defendant

had crossed the threshold of her apartment while she was at the door with a carpet sweeper in her hand; that he attempted to wrest it from her; and that in doing so he fractured her right thumb at the second joint. The defendant did not deny that he put his hands on the plaintiff in trying to take the sweeper away from her and that he went over to the door, but he denied that he entered her apartment or that he was able to take the sweeper away from her. He further testified that as he approached her she hit him over the head, arm and shoulder with the sweeper and that in self-defense only he tried to take it away from her. In some respects he was corroborated by his wife and three personal friends who were present in his apartment. Further details need not be recited here as, in our opinion, they would add nothing to an understanding of the issues raised for our determination by the defendant's exceptions.

The first exception is to the refusal to instruct the jury in the law of assault as specifically requested by the defendant. We need not consider the correctness of that request in view of defendant's own testimony in support of his plea of self-defense. He admitted the battery and sought only to justify it. That admission of course admits an assault. Every battery includes an assault. Or as otherwise stated, a battery is the consummation of an assault. 6 C.J.S. Assault and Battery §1. This exception is overruled.

The fourth exception is to the refusal of the following request to charge: "In determining whether excessive force has been used in repelling an assault you shall take into consideration all of the circumstances surrounding the case and the parties, as shown by the evidence; the nature of the assault, whether with the fist or with weapons or with other instruments; and from all the circumstances as shown by the evidence determine whether excessive force was or was not used." What is reasonable and necessary force to repel an assault is to be determined, it is true, in the light of the surrounding circumstances and the jury ought to be cautioned to take them into their consideration, but it is not

necessary for the trial justice to particularize them in his charge. A general reference is sufficient. Here the trial justice did expressly that when he warned them to keep in mind the circumstances of time and place of the alleged assault and battery. There was no occasion to refer to weapons here as none were involved, unless the carpet sweeper could be so considered, and that is referred to several times in the charge as the object which was prominently involved in the alleged battery. While the defendant's request properly states the law it was not error to refuse it in the circumstances here. This exception is overruled.

The eighth exception is to the denial of a new trial. Under this exception defendant contends that the verdict is against the law and the evidence both on the liability and the damages. As to the liability, we shall first consider the contention that the verdict is against the law. Defendant concedes that the law referred to here is the law which was given to the jury in the charge, but he claims that where the trial justice has made inconsistent statements of law in his charge such inconsistencies may be relied on as a ground for a new trial in a motion therefor which alleges that the verdict is against the law. He asserts that there are such inconsistencies in the charge particularly in the manner in which the trial justice used the term "assault" and also in his statement of the law of assault.

We have carefully examined the charge and we do not find such inconsistencies. In any event the law given to the jury in the charge is the law of the case. The proper time to complain about it and except thereto is when it is given. Only under such an exception do we inquire into its validity. In *Greenhalch* v. *Barber*, R. I. 104 A. 769, cited by the defendant there was such an exception. There is none in the case at bar. The question here is: Did the jury follow the law given to them? We think they did, and we further think that the charge, especially in view of the trial justice's final instructions to the jury, was neither

ambiguous nor inconsistent on the issue of self-defense which was the only issue that, in the light of the evidence, the jury had to determine. This contention is, therefore, without merit.

Defendant's second contention that the verdict is against the evidence is likewise without merit. It is true that defendant's witnesses outnumbered those of the plaintiff, but it does not necessarily follow that his evidence in proof of his plea of self-defense outweighed the plaintiff's to the contrary. The trial justice did not rely solely on the testimony of the plaintiff in sustaining the verdict but pointed out in his decision that "On the defendant's own testimony and on the testimony of the defendant's wife, the verdict is proper * * *." And, after reading the transcript, that is the way it appears to us. In any event it is apparent from his decision that he carefully weighed not only the testimony of the witnesses but their credibility. To a large extent the verdict stands or falls on the question of the credibility of the principal witnesses, the parties themselves. These the trial justice has, undertaken to evaluate and he emphatically describes the defendant as the aggressor. Bearing in mind the advantage which the trial justice has over this court in passing upon the credibility of the witnesses testifying before him, we find nothing in the record which would warrant us in saying that his decision in this respect is clearly wrong.

Finally defendant complains that the damages are excessive. There seems to be no merit in this contention. He concedes that plaintiff's out-of-pocket loss is $960. There is also reasonably clear proof of a diminution of her earning capacity amounting to $240 at the time of the trial. These items total $1200. They represent merely her exact present pecuniary loss without taking into account any future loss. The remainder of the verdict of $1400 may be properly attributed to pain and suffering. For this element $200 cannot by any stretch of the imagination be called excessive. Plaintiff, as a result of the battery,

suffered a fracture of the second joint of her right thumb and consequent limitation of motion therein. Besides incapacitating her totally for fourteen weeks and requiring medical attention at an expense of $120 it caused her intense pain and continued to do so after she returned to her work as a sewer of cloth in a textile mill. Compensation for such pain and suffering may be compared with that approved in *Teolis* v. *Moscatelli,* 44 R. I. 494. In that case, which was an action of assault and battery, a verdict which indicated that the jury had given slightly more than $400 for pain and suffering as a result of injury to the plaintiff's thumb and some limitation in his arm was not considered excessive.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*Harlow & Boudreau, Donald O. Burke,* for plaintiff.

*John P. Cooney, Jr., Luigi DePasquale, John B. Kelaghan,* for defendant.

