220 A.2d 531.

WILLIAM C. BRAY *vs*. PROVIDENCE JOURNAL COMPANY.

JUNE 24, 1966.

PRESENT: Roberts, C. J., Paolino, Powers and Joslin, JJ.

PAOLINO, J. This action of libel was heard before a justice of the superior court sitting with a jury and resulted in a verdict for the defendant. The case is before us on the plaintiff's exceptions to the decision of the trial justice sustaining the defendant's demurrer to the first count of his amended declaration, to the denial of his motion for a new trial, to the denial of his requests to charge, and to certain evidentiary rulings.

At the time of the alleged libel plaintiff, a teacher in the school system of the city of Pawtucket, was the head of the mathematics department of one of the city's high schools and president-elect of the Pawtucket Teachers' Alliance, an unincorporated association of teachers employed by the city's school system. There was then pending before the state board of education an application by the Pawtucket school committee for the consolidation of two high schools. On May 23, 1956, plaintiff, as president-elect and as a representative of the alliance, appeared before the state board at a hearing called to consider the application for consolidation and spoke in opposition thereto.

On June 12, 1956 the school committee held a meeting at

which there was a discussion concerning plaintiff's appearance at the May 23, 1956 hearing before the state board. It appears that the chairman of the school committee made certain remarks impinging on the veracity of plaintiff and the accuracy of certain statements made by him at the May 23 board hearing concerning certain figures about the number of students in the Pawtucket high schools from Seekonk and Lincoln.

On the following day, June 13, 1956, defendant published in its newspapers an article containing a report of the school committee meeting. The story appeared under the headline: "Testimony Challenged Alliance Head 'Lied,' Dr. Savoie Declares." A copy of the article is annexed to the declaration and made a part thereof. The plaintiff bases this action on the publication of such article.

On this review only the amended declaration is before us. We are not concerned with the original declaration, nor with plaintiff's exception to the ruling sustaining defendant's demurrer to the first count thereof. *Conway* v. *Marsh,* 79 R. I. 254, 255.

The amended declaration is in two counts. The first alleges in substance that plaintiff had been libeled by the article which, by innuendo, charges that he had given false testimony under oath and had committed perjury; the second alleges a libel which, by innuendo, charges that he had willfully and corruptly lied. The defendant demurred to the first count, but filed a plea of the general issue and two pleas of privilege to the second count. The defendant's demurrer to the first count was sustained and plaintiff excepted, but he did not avail himself of the opportunity to file a second amended first count. The plaintiff filed a replication to defendant's pleas and, having joined issue, the case was tried on the second count and defendant's pleas thereto.

Although plaintiff's exceptions number sixty-three, those

which he has briefed and argued he has treated under four main points. We shall treat them in like manner, with the understanding that exceptions neither briefed nor argued are deemed to be waived. *Conway* v. *Marsh, supra.*

Under point I plaintiff has briefed and argued the exception to the decision of the trial justice sustaining defendant's demurrer to the first count of plaintiff's amended declaration. This count contains an innuendo that the article complained of charged plaintiff with the crime of "willful and corrupt perjury" before the state board at the May 23, 1956 hearing. In our judgment the trial justice did not err.

The purpose of an innuendo is to define the defamatory meaning of words which may be equivocal, but it cannot be used to introduce new matter or to enlarge the meaning of the words or give to language a construction it will not bear. *Andoscia* v. *Coady,* 99 R. I. 731, 210 A.2d 581; *Ogrodnick* v. *Providence Journal Co.,* 93 R. I. 316; *Carey* v. *Evening Call Publishing Co.,* 74 R. I. 473; *Hackett* v. *Providence Telegram Publishing Co.,* 18 R. I. 589. A demurrer to a declaration in libel admits facts well pleaded, including allegations of publication, falsity and malice. When the sense of the language set out is not clear it admits the meaning stated in the innuendo unless such meaning is unwarranted. It does not, however, admit all inferences of fact or conclusions of law which may be averred. 33 Am. Jur., Libel and Slander, §251, at 233.

Words charging perjury have always been held to be actionable per se and the same is true with all charges of false swearing when it necessarily conveys to the mind of the hearers the interpretation of perjury. Newell, Slander and Libel (4th ed.) §64, p. 103. To render a charge of perjury actionable it must ordinarily appear that there was some proceeding wherein a party could have sworn and been held liable for perjury for violating his oath. 33 Am. Jur., Libel and Slander, §32 at 57.

116

The trial justice based his decision on the grounds that the innuendo contained no allegation that the article in question intended to convey the meaning that plaintiff's statement before the board was under oath and that such omission is fatal; that nowhere in the published article does it appear that the May 23, 1956 hearing was one to take evidence under oath; that the language used does not normally suggest that in speaking before the board plaintiff was put under oath or that his statement was the subject matter of a judicial or quasi-judicial hearing or even part of the proceedings of an administrative tribunal where the witnesses were under oath; that the word "Testimony" in the headline of the article in its common understanding does not have such an unequivocal acceptance as plaintiff contends; and, finally, that the natural and ordinary meaning of the words published, when read as a whole, does not support the innuendo that defendant charged plaintiff with willful and corrupt perjury.

In our judgment the article, when read in its entirety, is not reasonably capable of conveying to the ordinary mind the defamatory meaning alleged in the innuendo. *Reid* v. *Providence Journal Co.*, 20 R. I. 120. We agree with the trial justice that the word "testimony" in its common understanding does not have such an unequivocal acceptance as plaintiff contends. See *O'Neill* v. *Star Co.*, 121 App. Div. 849 (N. Y.), *Stewart* v. *Wilson*, 23 Minn. 449, and *Lewis* v. *Soule*, 3 Mich. 514. The innuendo that plaintiff was charged with perjury by the published article is a substantial enlargement upon the natural and ordinary meaning of the language used. *Carey* v. *Evening Call Publishing Co.*, *Hackett* v. *Providence Telegram Publishing Co.*, both *supra*. As the court said in *Reid*, *supra*, at page 122: "* * * language is not to be forced or tortured in libel cases in order to make it actionable. It is to be taken in its plain and ordinary sense. * * * if the language is not reasonably capable of conveying to the ordinary mind the defamatory

meaning alleged in the innuendo, it is the province and duty of the court to so declare, and to deny the right to maintain an action thereon."

The plaintiff cites *Ross v. Providence Journal Co.*, 51 R. I. 318, to support his position here. In that case the court held that it was a question for a jury whether the article as a whole would reasonably convey to the ordinary reader of the defendant's newspaper the meaning attributed by the innuendoes. But *Ross, supra,* is clearly distinguishable factually and therefore not controlling in the case at bar. This exception is overruled.

Under point II plaintiff has briefed and argued his exception to the denial of his motion for a new trial, basing it on the usual grounds that the verdict is against the law and the evidence and the weight thereof. After exercising his independent judgment in reviewing the material evidence in the light of his charge to the jury, the trial justice concluded that the jury was warranted in finding that the article, including the headline and the body of the report, was a fair, accurate, and impartial report; that the jury was warranted in finding that defendant was not guilty of recklessness equivalent to malice; that the jury had not overlooked or misconceived material evidence; that the verdict responded to the merits of the controversy; and that the jury had followed his instructions on the law.

It is well settled that absent a showing to the contrary juries will be assumed to have followed the instructions given them by the trial court in reaching their conclusions. *Palumbo v. Garrott*, 95 R. I. 496, 503. On this record the trial justice was warranted in concluding that the jury followed his instructions on the law. After carefully reading his decision it is our judgment that he performed his duty in accordance with our well-established rules, *Barbato v. Epstein*, 97 R. I. 191, 196 A.2d 836, and finding nothing which would warrant our holding that he misconceived or

overlooked any material evidence or that his decision was clearly wrong it must stand and the instant exception is overruled. *Geary* v. *Hoffman,* 98 R. I. 413, 204 A.2d 302.

In point III plaintiff has briefed and argued exception 61 to the denial of his requests to charge. After pointing out that the Pawtucket school committee was a public body and that its June 12, 1956 meeting was a public meeting, the trial justice charged the jury in substance that defendant had a qualified privilege to publish a report of that meeting so long as it was a fair, impartial and accurate report and was not motivated by malice; that in considering whether the article was defamatory of plaintiff, both the headline and the body of the article were to be considered as one document; that if the body of the article was a fair, impartial and accurate report and if the headline was a fair index of the article without any defamatory additions by the publisher, then the publication of the headline was protected by the privilege to the same extent as the article itself; and that on this issue the burden of proof was on defendant.

He further charged that if defendant proved by a fair preponderance of the evidence that its report was fair, accurate and impartial, their verdict should be for defendant unless plaintiff, by a fair preponderance of the evidence, proved that the article was published by actual malice or by recklessness of a character that is equivalent to actual malice. It appears from the record that in the case at bar plaintiff was not claiming actual malice. Finally, in so far as pertinent here, he charged that defendant did not have to prove that the statements which were in the report of the June 12, 1956 meeting were true.

On the assumption that the instant exception is properly before us, we have considered all of plaintiffs contentions thereunder and in our judgment the charge as given was correct and plaintiff's contentions to the contrary are without merit.

Under point IV plaintiff has briefed and argued four exceptions to evidentiary rulings, each of which he contends constitutes prejudicial error. We have carefully considered all of his contentions relating to such rulings and find them to be without merit. Because these exceptions raise no new questions of law, we do not deem it necessary to discuss them further. Exceptions 14, 39, 40 and 60 are overruled.

All of the plaintiff's exceptions briefed and argued are overruled, and the case is remitted to the superior court for entry of judgment on the verdict.

*Corcoran, Foley, Flynn & Treanor, Francis R. Foley,* for plaintiff.

*Edwards & Angell, Edward F. Hindle, Knight Edwards,* for defendant.