JOSEPH NELSON AND THEODORE NELSON *p.a. vs.*

DEBORAH PETRONE.

MARCH 28, 1977.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

Doris, J. This civil action to recover damages for personal injuries was brought by the plaintiff, Joseph Nelson, on his own behalf and in his capacity as "next friend" of his son, Theodore Nelson. The case was tried to a jury in Superior Court. Following a verdict for the defendant, Deborah Petrone, the Superior Court justice granted the plaintiffs' motion for a new trial on all counts. The defendant now appeals.

The injury to plaintiff Theodore Nelson (Teddy) occurred in October of 1970, during an altercation between himself, defendant (Deborah), and Teddy's older brother, Joseph (hereinafter referred to as Joseph, Jr.) Deborah, at that time 11 years old, was engaged in an argument with Joseph, Jr., aged 12. It was agreed that the argument resulted from Deborah's attempt to intervene in a verbal dispute between Joseph, Jr., and a younger child. Deborah claimed that "a lot of pushing" was involved in her fight with Joseph, Jr.; he, on the other hand, testified that the fight was limited to shouting and yelling. At that point Teddy, who was 8 years old at the time, entered the fray in an effort to help his brother. According to Deborah, Teddy "pushed or jumped" on her back. The testimony of Teddy and Joseph, Jr., was that no such touching oc-

curred, and that Teddy only yelled at her to leave Joseph, Jr., alone. All parties were in agreement that Deborah then whirled around and kicked at Teddy, striking his testicle with her foot and causing a serious injury which gave rise to this action for negligence and assault and battery.

The defendant denied liability on both counts and in addition pleaded self-defense as an affirmative defense. After the jury found for defendant, the trial justice granted a new trial on both counts. With respect to the assault and battery count, he stated as his grounds that defendant had admitted liability by pleading self-defense and had then failed to introduce any evidence of fear of bodily harm to sustain that plea. With regard to the negligence count, he stated that he found some evidence of negligence and moreover thought the jury had been confused. On appeal, defendant argues that the trial justice misconceived the law and the evidence in granting plaintiffs' motion. The plaintiffs argue in a conditional appeal of their own that the trial justice erred, first, in denying plaintiffs' motion to pass the case, and second, in failing to instruct the jury properly on the law of self-defense. For the reasons which follow, defendant's appeal is granted and plaintiffs' is denied.

I

We first consider the proprietary of granting a new trial on the assault and battery count. The standards which must govern a trial justice's consideration of a motion for a new trial, and those which we must follow in reviewing his decision, have been frequently stated by this court. The duty of a trial justice was set out in *Ionata v. Groise*, 107 R. I. 478, 483-84, 268 A.2d 444, 447 (1970):

"In the exercise of his independent judgment, the trial justice must consider all the material evidence in the case in the light of his charge to the jury, and

he must pass on its weight and on the credibility of the witnesses. *Barbato* v. *Epstein,* 97 R. I. 191, 196 A.2d 836. When a trial justice, in passing upon such a motion, exercises his independent judgment in considering the weight of the evidence and the credibility of the witnesses and, in so doing, neither overlooks any material evidence nor misconceives the law of the case, his decision will be given great weight by this court, *State* v. *Deans,* 93 R. I. 266, 174 A.2d 666, and will not be disturbed by us."

Furthermore, the trial justice must clearly state the reasons for his ruling.

"In ruling on a motion for new trial, the trial justice need not make an exhaustive analysis of the evidence or state all his conclusions as to the weight of the evidence or the witnesses' credibility, but he should at least refer sufficiently to what motivates him to rule as he does so that the reviewing court can determine whether he has overlooked or misconceived material evidence on a controlling issue or is otherwise clearly wrong." *Morinville* v. *Morinville,* 116 R.I. 507, 359 A.2d 48, 51 (1976).

In the event that the trial justice fails to do what is expected of him, our function, as stated in *Morinville,* is as follows:

"In such circumstances we must examine the record for ourselves and grant a new trial if the evidence as we view it 'strongly preponderates' against the jury's verdict. *Marcinko* v. *D'Antuono, supra* at 187, 243 A.2d at 112. Since we cannot see or hear the witnesses, we have fashioned the rule that when a trial justice has erred in his consideration of a new trial, either by way of commission or omission, we will examine the record to determine if it contains any competent evidence which, if believed, would support the jury's verdict. *Harter* v. *Home Indem. Co.,* 111 R. I. 340, 352, 302 A.2d 793, 800 (1973); *Landes* v. *Faella,* 106 R. I. 23, 28, 255 A.2d 724, 727 (1969) *citing State* v. *Contreras,* 105 R. I. 523, 253 A.2d 612 (1969). If there is, the verdict does not strongly preponderate against

the evidence, and the jury's verdict will not be disturbed." *Id.* at 512-13, 359 A.2d at 51-52.

In this case the trial justice's explication of his reasons for granting a new trial on the assault and battery count was exceedingly brief.[1] He characterized defendant's testimony as "vague," but it is unclear what conclusions he thought followed from that observation. It is not apparent from his decision whether he thought that defendant did not tell the truth, or that she had not retained a sufficiently clear memory of the events to be credible, or that she gave testimony which was inherently improbable or not probative or simply not entitled to much weight. On this ground alone we would be warranted under *Morinville* as examining the record ourselves to see if there was any evidence to support the jury's verdict.

Moreover, to the extent that the trial justice stated any ground for his decision, it was his belief that defendant produced no evidence of "fear" to support her plea of

---

[1]The trial justice's decision, in relevant part, is as follows:

"Most of the evidence is uncontradicted. The defendant was arguing with the plaintiff's brother and the plaintiff, who was much younger and smaller, came over to the defendant and told her to leave the other child alone. The defendant testified that the plaintiff pushed her, but she was very vague as to the nature of the pushing. I think there was an attempt upon the part of the defendant's counsel to try to get her to say that he jumped on her back, but she was very vague as to the nature of the pushing. In any event she whirled around and kicked him in the testicles.

"Now in regards to the question of self-defense, the Court instructed the jury that by pleading self-defense the defendant admitted the assault, and it was only a question as to whether or not she acted in self-defense.

"There is very little in the evidence as to the defendant's state of mind just prior to the alleged assault and battery committed by the defendant. In fact, I don't think there is any evidence that she was in fear of the plaintiff.

"The Court feels on the record and in view of the law given to the jury, and in view of the charge, that the defense did not maintain the special plea of self-defense and on the charge of assault and battery the Court will grant a new trial."

self-defense. After examining the record, we find to the contrary that there was such evidence. It was undisputed that defendant was involved in an angry dispute at the time of the incident. She testified that she felt someone behind her "pushing" or "jumping" on her back. She knew that Teddy was the brother of the boy with whom she was fighting and that Teddy was behind her. From these facts, one could reasonably infer a fear of impending bodily harm on the part of defendant. Since the trial justice apparently misconceived this evidence, we cannot give his decision the weight usually accorded a trial justice's decision on a new trial. We must instead apply the appellate rule of review set out in *Morinville*. In doing so, we find that the evidence referred to above constitutes competent evidence which, if believed, would support the jury's verdict regarding self-defense.[2] Accordingly, we will not disturb the jury's verdict on the assault and battery count.

## II

The decision of the trial justice is equally brief with respect to his reasons for granting a new trial on the negligence count.[3] The primary ground for granting the mo-

---

[2] In view of our holding, we need not address defendant's contention that the trial justice erred in ruling that a plea of self-defense constitutes an admission of the alleged assault and battery.

[3] His decision, in relevant part, reads as follows:

"Likewise on the question of negligence the jury found there was no negligence here whatsoever, on either the part of the plaintiff or the part of the defendant. The Court feels that there was some evidence of negligence on the part of the defendant. We must keep in mind that the jury came down prior to reporting the verdict and apparently did not understand the Court's instructions, because they wanted to award medical expenses for the plaintiff and find for the defendant.

"The Court having instructed the jury again on this particular issue the Court feels that there was some evidence of negligence on the part of the defendant and for those reasons will grant the plaintiff's motion for a new trial on both issues."

tion appears to be his belief that there was "some evidence of negligence on the part of the defendant." This bare assertion does not convey to us the trial justice's conclusions concerning the credibility of the witnesses or the weight of the evidence. Since the trial justice failed to perform his function in weighing the evidence or determining the credibility of the witnesses, we cannot determine whether he overlooked or misconceived evidence or was otherwise clearly wrong. As a result, we must apply the appellate rule of review set out in *Morinville*. After examining the record in this case we are convinced that a reasonable person who believed defendant's testimony could conclude that her reaction to the situation in which she found herself was consistent with the standard of behavior expected of a child of defendant's age and experience. Accordingly, since there is evidence to support the jury's verdict, that verdict should not be disturbed.

### III

The plaintiffs argue on appeal that their motion to pass the case should have been granted because an incorrect charge to the jury containing a contributory negligence theory was so prejudicial that it rendered ineffectual the attempted correction, one hour later, according to which the jury was told to use comparative negligence. Evidence of this prejudice may supposedly be found in the jury's inquiry to the trial justice (prior to the second charge) as to whether it could find for defendant on both counts and yet still award medical expenses to plaintiff.

It is well-settled that absent a showing to the contrary a jury is assumed to have followed the instructions given it by the trial court. *Mazzaro v. Narragansett Improvement Co.*, 109 R. I. 244, 283 A.2d 887 (1971); *Bray v. Providence Journal Co.*, 101 R. I. 111, 220 A.2d 531 (1966); *Palumbo v. Garrott*, 95 R. I. 496, 188 A.2d 371 (1963). We find no showing that the jury failed to follow instructions.

The jury's request for further instructions showed if anything a conscientious effort to apply the charge. Moreover, following reinstruction by the trial justice, the foreman stated that the questions had been adequately answered. The final verdict was not internally inconsistent, nor was there any other evidence of confusion. There was no indication that the jury failed to understand or implement the directions to use comparative negligence instead of contributory negligence. As to the claim of prejudice, it seems to us that the instructions requested by the jury indicated that the jurors thought defendant was not negligent. The incorrect charge concerning contributory negligence would have no bearing or effect on this conclusion. Therefore the trial justice did not err in refusing to pass the case.

The plaintiffs also argue, relying on *Narell v. Sasso*, 76 R. I. 483, 72 A.2d 432 (1950), that it was error not to instruct the jury that the defendant's use of force to defend herself had to be reasonable under the circumstances. However, such an instruction would be necessary only if excessive force were an issue in this case. Manifestly it was not. The only fact adduced at trial was that the defendant "kicked" Teddy. There is no further description of the incident. The plaintiffs did not attempt to prove that the force used was excessive; not one piece of evidence was introduced on this point. Under such circumstances, there was no way that the jury could decide the issue. As we said in *Anter v. Ambeault*, 104 R. I. 496, 500, 245 A.2d 137, 139 (1968):

> "The duty of the trial justice to avoid instructions which are misleading or confusing is so firmly established in the law as to warrant no citation of authority. It is elementary law that instructions in his charge should be pertinent to the evidence and the issues raised in the trial of the case. *Carpenter v. United Electric Rys.*, 81 R. I. 196, 100 A.2d 850. One court

> has even held that regardless of the issues raised in the pleadings, it is improper for a trial justice to give instructions which are unsupported by the evidence in the record. * * * It can hardly be denied that instructions on issues which are not bedded on the evidence have the tendency to mislead or confuse the jury."

Accordingly, we hold that the failure to instruct the jury as to reasonable force was not error.

The plaintiff's appeal is denied. The defendant's appeal is granted, the judgment appealed from is reversed, and the case is remanded to the Superior Court with instructions to enter judgment for the defendant.

Petition to reargue denied.

*Abedon & Visconti Ltd., Girard R. Visconti* for the plaintiffs.

*Gunning, LaFazia & Gnys, Inc., Raymond A. LaFazia,* for the defendant.