397 A.2d 1315.

FRANK BOROWSKI *et al.*
*vs.* GELCO I.V.M. LEASING CO. *et al.*

FEBRUARY 19, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

KELLEHER, J.   In this negligence action the plaintiffs, Frank Borowski and his wife Joyce, seek damages arising from a collision between two automobiles which occurred in Providence at the intersection of Battey and Vernon Streets at 8:30 a.m. on the dry, clear early-autumn morning of September 29, 1969. Joyce was the operator of Frank's 1968 Chevrolet Nova. Their 6-year-old son, Anthony, was a front-seat passenger. The force of the collision caused Anthony's head to strike and break the Nova's windshield. At the time of the collision, the defendant, Robert S. Burdick (Burdick), was operating a 1969 Chevrolet Impala that had been leased from Gelco I.V.M. Leasing Co. (Gelco).

There was no device controlling the flow of traffic at the Battey-Vernon intersection. Testimony at the Superior Court trial indicates that Joyce was proceeding in a northerly direction on Battey Street when she came to the Vernon Street intersection. There she stopped and looked to her left and right and saw nothing. As she entered the intersection, she looked once again to her left and saw Burdick "flying" along Vernon Street at between 45 and 50 miles an hour. Joyce came to a stop with the front half of the Nova projecting into the intersection. Joyce reported that as Burdick attempted to swerve around the protruding portion of Frank's vehicle, the right rear of the Impala struck the front of the Nova. According to Joyce, the Impala continued about

80 feet down Vernon Street, made a 180-degree turn to the west, and came to a stop. Joyce's testimony was corroborated by a pedestrian who observed the collision while standing at the southwesterly corner of the intersection.

Burdick, on the other hand, insisted that he was two-thirds of the way through the intersection when the Nova struck the Impala in the right rear. He estimated his speed at between 20 and 25 miles an hour. Burdick conceded that even though he could see the Nova when it was two or three car lengths away from the intersection, he made no effort either to apply his brakes or to afford Joyce the right-of-way.

The jury returned verdicts for Burdick and Gelco. The trial justice, in granting the Borowskis' motion for a new trial, pointed to the 80 feet of post-collision skid marks left by the Impala and Burdick's pre-collision failure to use his brakes or yield the right-of-way. The trial justice described Burdick's manner of operation as the "proximate cause" of the collision. As proof of the jury's faulty evaluation of the controversy, the trial justice pointed to its failure to return a verdict in favor of the juvenile passenger; he had told the factfinders that they could compensate the minor passenger's claim, which was brought by the father, even though they might believe that both drivers were negligent.[1]

In this appeal Gelco and Burdick have not persuaded us that the trial justice has failed to perform his duties as they have been set forth in *Barbato* v. *Epstein*, 97 R.I. 191, 193, 196 A.2d 836, 837 (1964), or that, having performed these duties, he either overlooked or misconceived material evidence on a crucial issue or was otherwise clearly wrong. *Grenier* v. *Royal Cab, Inc.*, 117 R.I. 475, 477, 368 A.2d 1232, 1234 (1977).

---

[1] This case was tried on the assumption that the doctrine of contributory negligence, rather than the comparative negligence statute, was applicable to a 1975 trial of a 1969 collision. Recently, in *Raymond* v. *Jenard*, 120 R.I. 634, 639, 390 A.2d 358, 359 (1978), we ruled that our comparative negligence statute, G.L. 1956 (1969 Reenactment) §9-20-4, could be applied to the trial of an action which had accrued prior to the statute's passage.

Consequently, the defendants' appeal is denied and dismissed, and the case is remitted to the Superior Court for a new trial.

*Goldman, Biafore & Hines, John D. Biafore, Thomas F. Almeida,* for plaintiffs.

*Keenan, Rice, Dolan, Reardon & Kiernan, John W. Kershaw,* for defendants.