**Dennis J. ROSSI**

v.

**Donald H. HALL.**

**No. 79–204–Appeal.**

Supreme Court of Rhode Island.

June 19, 1981.

---

Abedon, Michaelson, Stanzler, Biener, Skolnik & Lipsey, Howard I. Lipsey, Providence, for plaintiff.

Hanson, Curran & Parks, James T. Murphy, Providence, for defendant.

## OPINION

SHEA, Justice.

This is an appeal by the plaintiff, Dennis J. Rossi, from the denial of his motion for a new trial in the Superior Court. A jury had returned a verdict for the defendant, Donald H. Hall.

The plaintiff alleged that defendant negligently caused an accident involving plaintiff on his motorcycle and defendant in his motor vehicle. He sought damages for his medical expenses, pain and suffering, disability, and property damage.

The accident occurred in Warwick, Rhode Island at that point where Post Road formed a T intersection with Main Avenue at the easterly side of the Greenwood Avenue Bridge. The state has since altered the intersection. The time was 4:15 p. m., August 1, 1975. Traffic was very heavy. The plaintiff was operating a motorcycle and was in the right-hand lane heading east on Main Avenue. The defendant, operating a sedan, was headed south on Post Road, intending to make a left-hand turn to go east on Main Avenue. The defendant was in the right-hand lane of two columns of traffic which would turn left onto Main Avenue when the traffic controls and the heavy traffic in the area permitted them to do so. The plaintiff was in the right most lane of two eastbound lanes on Main Avenue. The plaintiff proceeded forward in an easterly direction on Main Avenue, and, as he later testified, he was struck by defendant who pulled ahead toward plaintiff without looking in plaintiff's direction. The defendant denied any collision with his vehicle; he said he felt none but did hear a crash. Inspection of defendant's vehicle revealed no damage or indication of impact. A large recreational vehicle heading east on Main Avenue may also have blocked defendant-operator's view.

The plaintiff said he was struck by the right front of defendant's vehicle after he had swerved right to avoid the collision and then skidded. He was thrown from the motorcycle and suffered injuries requiring hospitalization. There was testimony from both parties about the presence of and operation of triangular divider islands and traffic controls such as stop signs and overhead traffic lights, and about whether or not defendant admitted a "sideswipe" type of collision to the investigating police officer.

The rule regarding a motion for new trial is firmly established. In considering the motion it is the duty of the trial justice to exercise his own independent judgment. He must examine all of the material evidence in light of his charge to the jury and pass on the weight of the evidence and the credibility of the witnesses. *Barbato v. Epstein*, 97 R.I. 191, 196 A.2d 836 (1964). When the trial justice properly performs his task, this court will not disturb his decision unless the trial justice overlooked or misconceived the evidence or was otherwise clearly wrong. *Borowski v. Gelco I.V.M. Leasing Co.*, R.I., 397 A.2d 1315 (1979).

██ In order for this court to determine whether the trial justice has overlooked or misconceived the material evidence on a controlling issue or was otherwise clearly wrong, the trial justice should refer sufficiently to that evidence that motivated him to rule as he did. However, he "need not make an exhaustive analysis of the evidence or state all his conclusions as to the weight of the evidence or the witnesses' credibility * * *." *Morinville v. Morinville*, 116 R.I. 507, 511, 359 A.2d 48, 51 (1976).

██ We have examined both the record and the trial justice's ruling. Although the ruling is quite brief, it is evident that the trial justice did perform his function in passing upon such a motion. He did call attention to the credible evidence which, if believed by the jurors, would support their verdict. He commented in particular on the credibility of the defendant's testimony. The jurors obviously chose to give credit to the defendant. They acted well within their function in so doing. As the trial justice himself concluded, the fact that reasonable minds could differ regarding the verdict is an insufficient reason to order a new trial. *Puccio v. Diamond Hill Ski Area, Inc.*, R.I., 385 A.2d 650 (1978). It is therefore equally apparent that the jury indeed responded to the issues that the case presented and properly applied the trial justice's instructions. The plaintiff has failed to show otherwise. Absent such a showing, this court is bound to assume that the jury has followed the instructions of the trial justice. *Nelson v. Petrone*, 118 R.I. 10, 371 A.2d 585 (1977).

Under the circumstances, the plaintiff is not entitled to a new trial. His appeal is denied and dismissed, the decision of the trial justice is affirmed, and the papers of this case are remanded to the Superior Court.