FRANCIS SAYEGH *vs.* FRANK A. DAVIS.

APRIL 17, 1925.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

RATHBUN, J. This is an action of trespass on the case for negligence to recover for personal injuries and property damage. The cause involves a collision between two automobiles owned and operated at the time of the accident by the parties respectively. The trial in the Superior Court resulted in a verdict for the plaintiff for $180 and the case is before us on the defendant's exceptions taken to the ruling of the trial justice denying the defendant's motion for a new trial and granting the plaintiff's motion for a new trial on the question of damages only.

In *Clark* v. *N. Y., N. H. & H. R. R. Co.*, 33 R. I. 83, it was held that the Superior Court has jurisdiction to grant a new trial upon the question of damages alone, but at page 103 the court said: "A party cannot demand on a motion for a new trial, that, without regard to the views of the trial judge, the findings which are in his favor shall remain undisturbed, while only those which are prejudicial or unsatisfactory to him shall be passed upon." Ordinarily when a new trial is necessary because the jury has failed to properly respond to the question of damages it is more fair to both parties to submit to another jury all issues of facts as to which the evidence is clearly conflicting (see *Crane* v. *Brooklyn Heights R. Co.*, 74 N. Y. Sup. 117) and a new trial should never be ordered on the question of damages alone when there is ground for a strong suspicion that the jury awarded the inadequate damages as a result of a compromise involving the question of liability. See *In Re Booth's Will*, 6 N. Y. Sup. 41. We think that the verdict in the case before us resulted from such a compromise.

At the trial of the case each party contended that the negligence of the other was the cause of the accident. The left front wheels of the two cars collided and one of the questions presented was which of the automobiles was on the left of the center of the travelled way. The plaintiff's

testimony is very unsatisfactory.   The accident occurred in the early evening but it was not foggy and the plaintiff testified that the reason for his not observing the approach of the defendant's automobile was that the defendant was driving so rapidly that the plaintiff could not see the lights on the defendant's automobile.   The plaintiff and his companions were on their way to a dance and there was evidence to the effect that they were endeavoring to reach a certain point before the arrival of a street car in order that they might convey to the dance certain young ladies who were passengers on the street car.

It was impossible for the jury, on any reasonable view of the evidence, to fix the plaintiff's damages as low as $180. Besides other injuries the plaintiff suffered a fracture of a bone in the right hand.   His loss in wages alone during the time that the hand was in a plaster cast amounted to more than the damages awarded; nothing was allowed for doctor's bills, although such bills were clearly a necessary expense caused by the accident, and no remuneration was allowed for damages to his automobile which was badly wrecked. A question asked by the foreman of the jury when they returned for further instructions throws some light on the state of mind of some of the jurors on the question of a compromise involving the question of liability as well as damages.   The question was as follows:   "I would like to ask another question   .   .   .   whether a verdict is found for the plaintiff it is proper for the jury to assess damages that would not be fair to the plaintiff in case he was not entitled to a fair verdict, that is, can we assess any damages that we please?"   The trial justice in reply told the jury that they could assess any damages they pleased; that if the damages awarded were either excessive or inadequate it was the duty of the court to cure the error by granting a new trial and "that the responsibility of the jury is simply to handle it to the best of their judgment under the circumstances."   No exception was taken to this instruction.

The defendant's exception to the granting of a new trial on the question of damages alone is sustained and the case is remitted to the Superior Court for a new trial on all of the issues.

*Thomas P. Corcoran,* for plaintiff.
*Benjamin W. Grim,* for defendant.