327 A.2d 272.

CLAIRE GRENIER *vs.* ROYAL CAB, INC.

NOVEMBER 4, 1974.

PRESENT: Roberts, C. J., Paolino, Kelleher and Doris, JJ.

PAOLINO, J. The plaintiff brought this action for alleged negligence to recover for property damage and personal injuries resulting from an accident involving a motor vehicle operated by the plaintiff and one owned by the defendant and operated by its employee. The case was heard before a justice of the Superior Court sitting with a jury and resulted in a verdict for the plaintiff.

Only a brief discussion of the facts is necessary. This

case arose out of an accident which occurred in December 1966 on Rand Street in the city of Central Falls. The plaintiff was driving out of her driveway onto Rand Street, intending to make a left turn. The defendant's employee was driving a taxicab in an easterly direction on Rand Street when the accident occurred. There is conflicting testimony as to how it happened, with plaintiff's version differing entirely from that of defendant's operator. On the question of damages plaintiff testified that at the time of the accident she was employed and was earning $57.50 per week and that as a result of her injuries, she endured great pain and suffering and was unable to work for a period of approximately three weeks. The parties stipulated that the amount of damages to plaintiff's car was $450. The jury returned a verdict of $565 which included the stipulated amount above plus two weeks salary lost by plaintiff due to the accident.

The plaintiff moved for a new trial on the question of damages only, and defendant moved for a new trial on all issues. The trial justice denied defendant's motion and granted plaintiff's motion limited to the issue of damages unless defendant consented to an additur of $1,500. The defendant refused to file the additur and appealed.

The only issue raised by this appeal pertains to the correctness of the trial justice's action in passing on the motions for a new trial.

## I

The defendant argues two points. First it asserts that the verdict was a compromise of the question of liability. In support of this argument it points to the fact that the jury awarded only the sum equal to the stipulated property damage plus two weeks of lost wages and nothing for pain and suffering. The defendant argues that if the jury had resolved the question of liability, it would undoubted-

ly have granted a larger award to plaintiff in view of her extensive testimony about her pain and suffering.

We agree with defendant that a new trial on all issues must be granted where the jury has awarded inadequate damages because it was compromising the issue of liabilty. *Ruggieri* v. *Ventalume Window & Door Products, Inc.*, 108 R. I. 514, 277 A.2d 296 (1971); *Maklar* v. *Greene*, 106 R. I. 405, 261 A.2d 15 (1970); *Fitzgerald* v. *Rendene*, 98 R. I. 239, 201 A.2d 137 (1964); *Colantonio* v. *Ellinwood*, 96 R. I. 226, 190 A.2d 584 (1963); *Loughran* v. *McKenna*, 60 R. I. 453, 199 A. 302 (1938).

In *Sayegh* v. *Davis*, 46 R. I. 375, 128 A. 573 (1925), we stated that it is error for a trial justice to order a new trial only on the issue of damages

> "* * * when there is ground for a strong suspicion that the jury awarded the inadequate damages as a result of a compromise involving the question of liability." *Id.* at 376, 128 A. at 573.

In discussing the meaning of the words "strong suspicion" in *Maklar* v. *Greene, supra* at 409, 261 A.2d at 18, we said:

> "* * * the words 'strong suspicion' must be read in light of the fact that such a suspicion becomes the basis for the overturning of a jury's verdict. This should not be done lightly or without sufficient cause. The words must be taken to mean that, where the evidence on the issue of liability is so evenly balanced that reasonable men would draw different conclusions therefrom and the evidence upon which the inadequate award of damages was made would be sufficient to warrant a substantial award, such a strong suspicion will be said to exist, and a new trial should be ordered on all of the issues."

In the application of this guideline to the case at bar the evidence is not evenly divided on the question of liability. A reading of the trial justice's decision in passing on the motions for a new trial indicates that credibility was the determining factor. The plaintiff's version of how

the accident happened, if believed, shows that defendant's operator was negligent and that plaintiff was not guilty of contributory negligence. The opposite would be true if defendant's operator's version were believed. The jury accepted the plaintiff's version, and so did the trial justice.

Moreover, defendant has not sustained his burden of showing compromise of liability by arguing that the non-allowance of damages for pain and suffering indicates said compromise. This contention falls far short of the "strong suspicion" standard. The defendant's conjecture is only one interpretation of what the jury may have been thinking in failing to give an award for pain and suffering. Other interpretations are just as reasonable. We cannot engage in conjecture or speculation on why the jury failed to allow damages for pain and suffering.

We find no merit in defendant's contention that the trial justice overlooked or misconceived material evidence on a controlling issue. His decision satisfies us that he correctly passed on the evidence. We also find no merit to defendant's argument that the trial justice failed to comment on certain testimony given by plaintiff. The trial justice does not have to comment on all the evidence. All that is required is that in the exercise of his independent judgment he weigh the evidence, pass upon the credibility of the witnesses, and give the reasons for his conclusions. *State* v. *Tate,* 109 R. I. 586, 588-89, 288 A.2d 494, 496 (1972).

## II

The second point urged by defendant is that the trial justice erred in granting a new trial solely on the question of damages unless defendant consented to an additur of $1,500. The defendant does not challenge the additur on the ground of excessiveness. He argues that in the circumstances of this case the trial justice should have granted an unconditional new trial. We do not agree.

The duties of a trial justice in passing on a motion for a new trial on the ground of inadequacy of damages are essentially the same as his duties in passing on a motion for a new trial generally. In the exercise of his independent judgment he must weigh all the material evidence on the question of damages and pass on the credibility of the witnesses. After the evidence-sifting process is completed, and liability established, a new trial on the question of damages should be granted, if there is a demonstrable disparity between the award and the damages sustained such that the verdict is not truly responsive to the merits of the controversy and fails to do substantial justice between the parties. *DiBattista* v. *Lincoln,* 109 R. I. 412, 286 A.2d 591 (1972). *Compare Wood* v. *Paolino,* 112 R. I. 753, 315 A.2d 744 (1974).

It is abundantly clear in the case at bar that the evidence supports the trial justice's finding that such a demonstrable disparity exists between the jury's award and the damages sustained by the plaintiff. Having so found, the trial justice had the duty to grant the plaintiff a new trial on the question of damages unless the defendant consented to the additur. Since the defendant has not satisfied us that the trial justice either overlooked or misconceived material evidence in the performance of his duty, or was otherwise clearly wrong, we must affirm.

The defendant's objection is overruled, and the case is remitted to the Superior Court for a new trial on the issue of damages unless the defendant shall, within the period to be fixed by that court, consent to the additur heretofore awarded by the trial justice.

Mr. Justice Joslin did not participate.

*Claude Lefebvre,* for plaintiff.

*Gunning, LaFazia, Gnys & Selya, Richard T. Linn,* for defendant.