368 A.2d 1232.

CLAIRE GRENIER *vs.* ROYAL CAB, INC.

JANUARY 24, 1977.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

PER CURIAM. In this civil action for personal injury and property damage the jury returned a verdict of $450 for damage to the plaintiff's automobile and $115 in lost wages but failed to include any amount for pain and suffering. The trial justice denied the defendant's motion for a new trial but granted the plaintiff's motion for one, limited to the issue of damages, unless the defendant consented to an additur of $1,500. The defendant appealed without success and we remanded the case for a new trial on the issue of damages only unless the defendant assented to an additur. *Grenier* v. *Royal Cab, Inc.*, 114 R.I. 11, 327 A.2d 272 (1974).

The defendant did not agree to the additur, a new trial on the question of damages was held, and the second jury awarded plaintiff a verdict of $21,000. The defendant again moved for a new trial on the usual grounds that the verdict was against the law and the evidence and the weight thereof and also on the ground that the verdict was excessive. After exercising his independent judgment in passing on the weight of the evidence and the credibility of the witnesses in the context of his instructions to the jury, the trial justice denied defendant's motion and expressly stated that had he heard the case without a jury he would have returned a verdict for the plaintiff in at least an amount of $21,000.

The defendant again appealed to this court. The record shows that on October 30, 1975, we entered an order denying plaintiff's motion to dismiss the instant appeal for failure to comply with Rule 17. In the same order we denied plaintiff's motion to affirm the judgment below under

Rule 16(g). *Grenier* v. *Royal Cab, Inc.*, 115 R.I. 941, 347 A.2d 48 (1975). Subsequently, on December 3, 1976, we entered an order assigning this appeal for oral argument to our December 13, 1976 calendar for the purpose of affording defendant an opportunity to show cause why this appeal should not be summarily disposed of in view of the trial justice's statement that he would have returned the same verdict. We also requested that defendant show in what manner the trial justice was clearly wrong in denying a new trial. *Grenier* v. *Royal Cab, Inc.*, 117 R.I. 951, 366 A.2d 830 (1976). We heard oral argument on the show cause order in accordance with our December 3, 1976 order. We hold that defendant has failed to show cause why its appeal should not be denied.

The facts are as stated in our earlier opinion and need not be repeated here. The only issue raised by this appeal relates to the trial justice's denial of defendant's motion for a new trial.

The scope of review in cases such as this is very narrow, the only issue being whether or not the trial justice, in exercising his independent judgment while passing on the weight of the evidence and the credibility of the witnesses, overlooked or misconceived material evidence on a controlling issue or is otherwise clearly wrong. *Morinville* v. *Morinville*, 116 R.I. 507, 359 A.2d 48 (1976); *Fontaine* v. *Devonis*, 114 R.I. 541, 336 A.2d 847 (1975); *Grenier* v. *Royal Cab, Inc., supra.* Only if we conclude that the trial justice has in fact erred will we examine the record to determine if it contains any competent evidence which, if believed, would support the jury's verdict. *Morinville* v. *Morinville, supra.*

With regard to the trial justice's statement that he would have awarded at least the same amount awarded by the jury, we have often said that, absent unusual facts, such statements by a trial justice require this court

to give such approval great weight. *Cinq-Mars* v. *Standard Cab Co.*, 103 R.I. 103, 235 A.2d 81 (1967). On this appeal the defendant has not persuaded us that the trial justice failed to perform the duties prescribed in *Barbato* v. *Epstein*, 97 R.I. 191, 196 A.2d 836 (1964), or that, having done so, he overlooked or misconceived any material evidence on a controlling issue or was otherwise clearly wrong. That was the burden which the defendant assumed in challenging the trial justice's decision on the motion for a new trial. *Barbato* v. *Epstein, supra.* The defendant did not satisfy its burden in this case.

The defendant's appeal is denied and dismissed, the judgment appealed from is affirmed, and the case is remitted to the Superior Court for further proceedings.

*Claude F. Lefebvre, William P. Butler,* for plaintiff.

*Gunning, LaFazia & Gnys, Inc., Richard T. Linn,* for defendant.