**STATE**

v.

Peter VAN DAAM.

No. 96–633–C.A.

Supreme Court of Rhode Island.

May 26, 1998.

Jane M. McSoley, Aaron L. Weisman, Providence.

Mary E. Levesque, Middletown.

**ORDER**

This case came before the Supreme Court on April 14, 1998, pursuant to an order directing both parties to appear and to show cause why the issues raised in this appeal should not be summarily decided. The defendant, Peter Van Daam, appeals from a judgment of conviction on one count of driving a motor vehicle at a time when his license to do so had been suspended. After hearing the oral arguments of counsel and examining the papers in this case, we are of the opinion that cause has not been shown and the issues raised will therefore be decided at this time.

On December 21, 1985, Peter Van Daam (defendant) was apprehended for speeding while driving on Taunton Avenue in East Providence by Sergeant Walter R. Cook (Sergeant Cook) of the East Providence Police. After Sergeant Cook pulled him over, the defendant refused to produce for the officer either his license or the automobile's registration. Subsequently, Sergeant Cook transported the defendant to the East Providence police station. Upon learning the de-

fendant's identity, the police were able to ascertain that the defendant's driver's license had previously been suspended by the Administrative Adjudication Court for failure to answer a summons from that court.

One charge of driving while his license was suspended in violation of G.L.1956 § 31-11-18 [1] was lodged against the defendant in the Sixth Division Court of Rhode Island on December 21, 1985. The defendant, appearing pro se, thereupon invoked his right to a jury trial, and the case was transferred to the Superior Court for Providence County.

The defendant, still pro se, there moved to dismiss the charges on the grounds that the court lacked jurisdiction over his person. That motion was denied and the defendant thereafter commenced a calculated strategy of delay. For example, on June 5, 1987, the defendant failed to appear for his scheduled trial, and a warrant was issued for his arrest. That warrant was canceled when the defendant subsequently appeared before a Superior Court trial justice, and the defendant's trial was then rescheduled for September 25, 1987. On that date, the defendant declined the state's offer to drop the remaining charge if the defendant would obtain a valid Rhode Island driver's license. The defendant further filed a complaint alleging that this reasonable plea bargain offer constituted extortion and conspiracy to commit fraud.

Thereafter, the defendant's trial was scheduled for September 20, 1988. On September 20, 1988, the defendant again failed to appear for his rescheduled trial, and an arrest warrant was again issued. On February 2, 1989, the defendant appeared before a Superior Court justice, and the previous arrest warrant was then canceled. The defendant's case was then set down for an April trial date, but the state's prosecutor who had been assigned to the case was granted a continuance for the purpose of vacation. On April 18, 1989, the state's prosecutor filed a notice of readiness to proceed against the defendant, and the matter was set down for

trial on April 21, 1989. The defendant, true to form, failed to appear at this trial and yet another warrant was issued for his arrest. On February 2, 1990, the defendant finally decided to appear and the latest arrest warrant was canceled. On March 23, 1990, the defendant was granted a continuance and thereafter decided to seek the appointment of counsel. The trial court then attempted to determine the defendant's eligibility for the appointment of counsel at the state's expense. On June 21, 1990, a trial justice of the Superior Court, exasperated by the defendant's tactics, determined that no attorney would be appointed at state's expense to represent the defendant because he had persistently failed to provide the requisite financial information necessary for the court or the public defender's office to properly determine his eligibility for public defender or court appointed counsel representation.

On November 6, 1996, the defendant's case was reached for trial before a jury on the charge against him of driving while his license to do so had been suspended, as well as for an unrelated illegal parking charge. At trial, the defendant appeared pro se. The illegal parking charge was disposed of during trial, sua sponte, by the trial justice. At the conclusion of the trial, the defendant then moved for a judgment of acquittal on the remaining suspended license driving charge. That motion was denied by the trial justice. Thereafter, the jury returned a verdict of guilty on the suspended license-driving charge.

On November 17, 1996, the defendant moved for a new trial. On November 20, 1996, the trial justice denied the defendant's new trial motion and entered a judgment of conviction. The defendant was sentenced to pay a fine of $350 plus costs, and he now appeals.

The defendant, in his appeal, raises a host of challenges to his conviction. Of the numerous claims raised by the defendant, only three merit our attention. First, the defen-

---

1. Rhode Island General Laws § 31-11-18, entitled "Driving after denial, suspension, or revocation of license", states in pertinent part,

"Any person who drives a motor vehicle on any highway of this state after his or her appli-

cation for a license has been refused, or at a time when his or her license to operate is suspended, revoked, or canceled * * * shall be guilty of a misdemeanor."

dant claims that his right to a speedy trial was violated by the ten-year lapse between the date of his arrest and his eventual jury trial. Second, the defendant claims that he cannot be guilty of driving an automobile at a time when his license to do so had been suspended because at the time his license suspension took place his license had already expired. Finally, the defendant challenges the trial justice's denial of his motion for a new trial.

As to the defendant's first claim of error, we note that while the ten-year delay is presumptively prejudicial to the defendant, there are other factors to consider in determining whether an individual's right to a speedy trial has been violated.

"A defendant's right to a speedy trial is guaranteed by article I, section 10, of the Rhode Island Constitution and the Sixth Amendment to the United States Constitution. The test to determine whether a defendant has been denied the right to a speedy trial was enunciated in *Barker v. Wingo,* 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The court must consider '(1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his [or her] rights, and (4) the prejudice to the accused.' *State v. Allan,* 433 A.2d 222, 224 (R.I.1981). Since a single factor alone is not a necessary or a sufficient condition for establishing a deprivation, the court must balance the factors with the circumstances of each case before reaching its decision." *State v. Hernandez,* 641 A.2d 62, 67–68 (R.I.1994)

In this case, for example, the cause of the delay is of paramount importance. The record shows that on no less than twelve separate occasions, the defendant's trial was delayed because of the defendant's own dilatory actions. For example, on three occasions, the defendant failed to appear in court and, after appearing pro se for some four years, halted the proceedings in order to seek the appointment of counsel. After an additional lengthy delay during which counsel was sought, the defendant sabotaged the entire appointment of counsel process by refusing to provide the requisite financial information to the Public Defender's office from which

his eligibility for the appointment of counsel could be determined. While at least some of the delay could be attributable to the prosecution, it is clear from the record that the defendant's trial would have been held a decade earlier if not for his own willful refusal to meet his court appearance obligations. Based on these facts, we cannot say that the defendant was denied a speedy trial. Rather, it appears the defendant received precisely the delay which he actively brought about throughout the protracted proceedings. He at no time had really banged, or even knocked, on the courthouse door. *State v. Bleau,* 668 A.2d 642, 645 (R.I.1995).

The defendant's next claim is that the trial justice erred in denying his motion for judgment of acquittal because his license had expired prior to its suspension by the Administrative Adjudication Court. We reject the defendant's claim that it was not possible to suspend his license on November 17, 1983, because it had previously expired in November of 1982. General Laws 1956 § 31–1–15, states that " 'Suspension' means that the registration, license, or instruction permit, *and privilege to drive a motor vehicle on the public highways are temporarily withdrawn * * * "* (Emphasis added.) Therefore, the suspension of the defendant's license, whether it had expired or not, necessarily acted to withdraw his privilege to drive. As such, the defendant was in fact found guilty of driving an automobile on December 21, 1985, when his privilege to do so was still under suspension. Therefore, the trial justice did not err in denying the defendant's motion for judgment of acquittal.

The defendant's final claim is that the trial justice erred in denying his motion for a new trial. In passing upon a motion for a new trial, a trial justice acts as a super thirteenth juror. After weighing all of the trial evidence and assessing the credibility of the trial witnesses, the trial justice is then required to exercise his independent judgment and to decide whether to accept or reject the jury's finding. Whenever a trial justice has followed the requisite procedure and articulated a sufficient rationale for denying a motion for a new trial, his or her decision will not be disturbed unless this Court can con-

clude from the record that the trial justice has overlooked or misconceived material evidence relating to a critical issue or was otherwise clearly wrong. *State v. Snow,* 670 A.2d 239, 243–44 (R.I.1996). In this case, we find that the trial justice did perform the required analysis. In so doing, he concluded that had he been sitting without a jury, he too would have convicted the defendant of driving at a time when his license had been suspended. Such a statement by a trial justice requires this Court to give great weight to the trial justice's decision. *Grenier v. Royal Cab, Inc.,* 117 R.I. 475, 477–78, 368 A.2d 1232, 1234 (1977). Accordingly, we conclude that the trial justice did not err in denying the defendant's motion for a new trial.

For the foregoing reasons, we deny and dismiss the defendant's appeal. The defendant's judgment of conviction is affirmed, and the papers in this case are remanded to the Superior Court.