Barbara D. MORROCCO et al.

v.

Joseph PICCARDI et al.

No. 97–310–Appeal.

Supreme Court of Rhode Island.

June 19, 1998.

Lauren E. Jones, Susan E. McGuirl, Providence, for Plaintiff.

Anthony A. Giannini, Jr., Providence, for Defendant.

Before WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

This case came before the Supreme Court on April 14, 1998, pursuant to an order directing the parties to appear and to show cause why the issues raised in this appeal should not be decided at this time. The defendants appeal from a trial justice's denial of their two motions for judgment as a matter of law and their motion for a new trial. After hearing the arguments of counsel and reviewing both their memoranda and the record in this case, we find that cause has not been shown, and we shall therefore decide these matters at this time.

Joseph Piccardi and his wife, Joan (Piccardis), own and operate the Piccardi Construction, Co., Inc. (Piccardi Construction). In 1984 Piccardi Construction completed construction of a house for Barbara D. (Barbara) and Daniel B. Morrocco (the Morroccos). Unfortunately the Morroccos' landscape was graded in such a manner that water drained toward the Morrocco home instead of away from it. As a result, the Morroccos' yard was muddy, their basement continually flooded, the outdoor asphalt walkway deteriorated, and the Morroccos' driveway failed to drain properly resulting in unusually thick ice formations during the cold season. In order to remedy this water drainage problem, the Piccardis regraded the landscape in order to drain water away from the house. This remedy was insufficient, however, and

the problem persisted. During the winter months the water surrounding the Morrocco home froze, thereby forcing the Morroccos to salt and sand their yard in order to provide safe passage over the ice for themselves and their visitors.

On the morning of February 20, 1986, Sandra Stickle (Stickle) visited the Morrocco home and, being a good neighbor, brought with her eggs that Barbara had requested for breakfast. In order to ensure Stickle's safe return across the icy yard, Barbara escorted Stickle to her car, especially mindful of Stickle's safety because Stickle was pregnant at that time. While returning to her home, Barbara slipped on the ice that had formed as a result of the aforementioned drainage problem and fell, painfully shattering several bones in the left corner of her face.

On February 14, 1989, the Morroccos filed suit against the Piccardis and Piccardi Construction, alleging that their negligent construction of the Morroccos' driveway had caused Barbara's injuries. Following a jury trial the Morroccos were awarded $265,000 and Daniel Morrocco was awarded $10,000 in consequential damages. In assessing the comparative negligence of the parties with regard to the fall and injury, the jury further found that the Morroccos' negligence amounted to 15 percent and the Piccardis' 85 percent. The trial justice then granted the Piccardis' motion for a new trial, determining that the jury's verdict was contrary to the weight of the evidence. In a per curiam opinion, *Morrocco v. Piccardi*, 674 A.2d 380 (R.I.1996) (per curiam), this Court affirmed the trial justice's grant of the Piccardis' motion for a new trial.

Following remand, a second jury trial commenced on December 2, 1996. During that trial Alan Muoio (Muoio), a landscape contractor and nurseryman, testified on behalf of the Morroccos that the Piccardis had constructed the Morrocco home too low on the land. Muoio further testified that "[n]o one in the industry that has a so-called good name, good name in the industry, would pitch their landscapes towards a house." In addition the Morroccos presented testimony from Raymond Schwab (Schwab), a consulting en-

gineer, indicating that the landscaping of the Morrocco property did not conform to customary and established local landscaping and construction standards. After the Morroccos had presented their case, the Piccardis moved for judgment as a matter of law pursuant to Rule 50 of the Superior Court Rules of Civil Procedure claiming that they owed no duty to the Morroccos and that the Morroccos had failed to establish any applicable standard of care. The Piccardis also moved for judgment as a matter of law, claiming that Barbara assumed the risk of traversing her icy driveway and was therefore precluded from recovery. Those motions were denied by the trial justice.

Subsequently the jury returned a verdict in favor of the Morroccos. Barbara Morrocco was awarded $550,000, and Daniel Morrocco was awarded $35,000. The jury further determined the comparative negligence of the parties to be at 10 percent on the part of Barbara and 90 percent on the part of the Piccardis. Following the jury verdict, the trial justice, on February 14, 1997, heard and considered the Piccardis' two motions for judgment as a matter of law or, in the alternative, for a new trial. In support of those motions the Piccardis renewed their claims that they owed no discernible legal duty to the Morroccos, that in any event Barbara had assumed the risk of traversing her icy driveway, and that, therefore, the Piccardis were not responsible for her injuries. Those arguments were rejected by the trial justice, and the Piccardis' motions for judgment as a matter of law and a new trial were denied. The Piccardis now appeal.

 The Piccardis first claim that the trial justice erred in denying their motion for judgment as a matter of law because the Morroccos had failed at trial to establish any applicable standard of care relevant to the grading of their landscape. When reviewing the decision of a trial justice on a motion for judgment as a matter of law, this Court, like the trial justice, views the evidence in the light most favorable to the nonmoving party and gives to that party the benefit of all reasonable and legitimate inferences that may properly be drawn from the evidence, without weighing the evidence or assessing

the credibility of the trial witnesses. *Haxton's of Riverside, Inc. v. Windmill Realty, Inc.*, 488 A.2d 723, 725 (R.I.1985). If there is evidence supporting the nonmoving party's position or evidence upon which reasonable minds could differ, the jury is entitled to decide the facts, and the motion for judgment as a matter of law should be denied. *Lutz Engineering Co. v. Industrial Louvers, Inc.*, 585 A.2d 631, 635 (R.I.1991).

■ In this case we find that the Morroccos did properly present sufficient evidence establishing the standard of care applicable to the grading of residential landscapes. The combined testimonies of Muoio and Schwab presented the jury with evidence that the grading of the Morrocco property was not completed in accordance with the customary and established standard of care in the landscaping and construction industry at the time of the construction of the Morrocco home and later during the attempted remedial-correction work. Specifically Muoio and Schwab both indicated that the Morrocco home was improperly positioned too low on the land and that the surrounding landscape failed to account for this siting error by properly draining water away from the structure. Accordingly the trial justice did not err in denying the Piccardis' motion for judgment as a matter of law in regard to the duty owed to the Morroccos.

■ The Piccardis' next claim that the trial justice erred in failing to grant their motion for judgment as a matter of law because they contend that Barbara assumed the risk of walking on and about her icy driveway, thereby relieving the Piccardis of any liability for her injuries. The essence of the Piccardis' argument is that Barbara should have remained indoors whenever wet, cold weather threatened the possibility of dangerously slippery conditions that resulted from the Piccardis' faulty landscaping scheme. We reject that contention and reiterate what we stated in *Hennessey v. Pyne*, 694 A.2d 691 (R.I.1997); " '[T]he plaintiff is not required to surrender a valuable legal right, such as the use of his [or her] own property as he [or she] sees fit, merely because the defendant's conduct has threatened him [or her] with harm if the right is exer-

cised." *Id.* at 700 (quoting William L. Prosser, *Handbook of the Law of Torts* § 68 at 451 (4th ed. 1971)). Accordingly the trial justice did not err in denying the Piccardis' motion for judgment as a matter of law that was predicated upon the assertion that Barbara had assumed the risk of falling when she walked on her own property. That argument had been properly submitted to the jury, and the jury in turn reasonably rejected it, concluding instead that Barbara was only in small measure (10 percent comparative negligence) responsible for her fall and the resulting injuries.

■ The Piccardis' final claim is that the trial justice erred in denying their motion for a new trial. In support of their motion for a new trial, the Piccardis had asserted that the jury's damage award of $585,000 to the Morroccos was excessive in light of the first jury's award of only $275,000. In deciding a motion for a new trial, a trial justice sits as the super thirteenth juror and is required to independently weigh, evaluate, and assess the credibility of the trial witnesses and evidence. If the trial justice determines that the evidence is evenly balanced or is such that reasonable minds, in considering that same evidence, could come to different conclusions, then the trial justice should allow the verdict to stand. *Barbato v. Epstein*, 97 R.I. 191, 193–96, 196 A.2d 836, 837–38 (1964). When this Court reviews a trial justice's decision on a motion for a new trial, his or her decision will be accorded great weight and will be disturbed only if it can be shown that the trial justice overlooked or misconceived material and relevant evidence or was otherwise clearly wrong. *Pantalone v. Advanced Energy Delivery Systems, Inc.*, 694 A.2d 1213, 1216 (R.I.1997); *Pisaturo v. Raso*, 507 A.2d 1357, 1358–59 (R.I.1986).

■ In this case the trial justice, in passing upon the motions for new trial, conscientiously performed the necessary deliberations and found that the jury's verdict was well supported by the evidence. As to the substantial increase in the damage award in favor of the Morroccos at the second trial, the trial justice stated that "we have had a few more years of pain and suffering in this

situation, a few more years in identifying clearly what the damages were." The trial justice specifically noted that Barbara continued to suffer from chronic sinus problems, anxiety, and visible nerve damage in her face and that $585,000 was not an excessive amount to compensate her and her husband for these injuries. We conclude, therefore, that the trial justice did not err in denying the Piccardis' motion for a new trial. A larger damage award following a second trial on the same claim is not unusual. *See, e.g.,* *Grenier v. Royal Cab Inc.,* 117 R.I. 475, 368 A.2d 1232 (1977) ($21,000 verdict at retrial); following *Grenier v. Royal Cab Inc.,* 114 R.I. 11, 327 A.2d 272 (1974) ($565 verdict).

For the foregoing reasons the Piccardis' appeal is denied, and the judgment of the Superior Court is affirmed. The papers in this case are hereby remanded to the Superior Court.