DECISION
Before the Court is plaintiff's Motion for a New Trial, pursuant to Rule 59 of the Rhode Island Superior Court Rules of Civil Procedure. After a jury trial, verdict was entered for defendant. Plaintiff timely filed a motion for a new trial, to which defendant objects. For reasons set forth below, plaintiff's motion is granted and a new trial is ordered.
 FACTS/TRAVEL
This action arises out of an automobile collision between plaintiff Charles Walkup and defendant David Duarte. On October 13, 1996, plaintiff was operating his motor vehicle on Industrial Highway in Pawtucket, Rhode Island. As plaintiff approached the intersection of Industrial Highway and Central Avenue, he prepared to make a left hand turn onto Central. At that time, defendant was operating his motor vehicle near that same intersection. As plaintiff turned left onto Central; defendant's vehicle collided with the rear of plaintiff's vehicle. Plaintiff alleged personal injury and property damage as a result of the collision.
After trial, the jury returned a verdict for the defendant. More specifically, the jury found that defendant was negligent and caused the accident, but that the accident was not the proximate cause of plaintiff's injuries. As a result of these findings the jury did not reach the questions of damages or apportionment of fault.
 STANDARD OF REVIEW
The standard for our review of the grant or denial of a motion for a new trial is well settled. Martinelli v. Hopkins, 787 A.2d 1158, 1165 (R.I. 2001) (citing Dilone v. Anchor Glass Container Corp., 755 A.2d 818, 821 (R.I. 2000)). Like the standard for a directed verdict, on a motion for a new trial, the trial justice must review the trial evidence and exercise his or her independent judgment in passing upon the weight of the evidence and the credibility of the witnesses. Id. In doing so,
 "[a] trial justice sits as the super [seventh] juror and is required to independently weigh, evaluate, and assess the credibility of the trial witnesses and evidence. If the trial justice determines that the evidence is evenly balanced or is such that reasonable minds, in considering that same evidence, could come to different conclusions, then the trial justice should allow the verdict to stand." Id. (quoting Graff v. Motta, 748 A.2d 249, 255 (R.I. 2000) and Morrocco v. Piccardi, 713 A.2d 250, 253 (R.I. 1998) (per curiam)).
 NEW TRIAL
Sitting as a `super' juror, the Court has reviewed the credibility of the trial witnesses and evidence. After said review, the Court finds that the verdict is contrary to the credible testimony presented at trial. The jury's finding that the accident did not cause any injury to the plaintiff, however minor, is a verdict that does not respond to the merits of the case.
Defendant was a likeable, candid gentleman who testified as to the facts surrounding the accident. Plaintiff's testimony was somewhat disjointed regarding his past medical treatment. An extremely taciturn man, plaintiff interacted minimally with counsel on both direct and cross examination. The jury apparently interpreted this reticence negatively.
A new trial is warranted in order to do substantial justice between the parties. The verdict fails to respond truly to the merits of the case. Credible evidence was presented at trial supporting the existence of some, however minimal, personal injuries to the plaintiff resulting from the accident.
 CONCLUSION
Since the verdict does not respond to the merits of this controversy nor does it administer substantial justice, plaintiff's Motion for a New Trial is granted.
Counsel shall submit the proper order for entry.