Ann Marie WALKER

v.

Albert R. JACKSON et al.

No. 97–520–Appeal.

Supreme Court of Rhode Island.

Jan. 12, 1999.

Kenneth R. Tremblay, Portsmouth, for plaintiff.

Patrick B. Landers, New York City, Ralph DellaRosa, Kenneth P. Borden, John G. Hines, Providence, Mathew M. Aspden, for defendants.

Present LEDERBERG, BOURCIER, and FLANDERS, JJ.

## OPINION

PER CURIAM.

Assumption of the risk is the subject of this appeal. The plaintiff, Ann Marie Walker, appeals from Superior Court summary judgments in favor of the defendants, Albert R. Jackson (Mr. Jackson), Thomas T. Brady (Brady), and S. Peckham, Inc. (Peckham). We ordered the parties to show cause why we should not decide the issues raised in this appeal summarily. None having been shown, a panel of this Court proceeds to decide the appeal without further briefing or argument.

The events leading to the filing of plaintiff's complaint are not in dispute. The plaintiff was a tenant on property owned by Mr. Jackson and his now deceased wife, Blanche C. Jackson (Mrs. Jackson). As Mrs. Jackson's guardian, Brady arranged for plaintiff to move into the first-floor apartment of the Jacksons' Tiverton home to assist and care for the elderly Jacksons, who lived on the second floor of the house. In early 1993, a problem developed with the septic system, and Brady engaged Peckham to perform certain percolation tests in the Jacksons' backyard. Work began in the backyard of the property in the spring of 1993, but remained unfinished throughout the summer of that year. To gain access to this area, Peckham drove the heavy digging equipment required for the job through the Jacksons' side yard. As a result of the excavation and tracking caused by this heavy equipment, the yard remained in poor condition throughout the summer of 1993. The equipment left piles of rocks and dirt in the back portion of the yard and caused ruts to form in other areas. Aware of the yard's uneven condition, plaintiff instructed Mr. Jackson not to mow the lawn for fear that he would hurt himself if he attempted to traverse the backyard in his mower.

One afternoon in August 1993, plaintiff washed the Jacksons' clothes. Because it was a breezy, sunny day, she decided to dry the clothes outdoors on a clothesline which ran from the house, across the side yard, and then onto the garage. According to plaintiff, it was the first time she had used the clothesline that summer. As she was hanging clothes, she suddenly stepped into a hole or rut that had been covered by long, flattened grass and fell down. Although she bounced right up and began to walk toward the house, she fell again into a similarly concealed depression, injuring her left foot and ankle.

The plaintiff filed suit against: (1) Peckham for negligence and (2) Mr. Jackson and Brady for negligent failure to maintain the property in a safe condition, thereby causing her injuries. In their answers to plaintiff's complaint, defendants included the affirma-

tive defense of assumption of the risk. The defendants then filed motions for summary judgment based upon this defense. A hearing justice granted the motions and entered judgments in favor of defendants. The plaintiff appeals from these judgments.

■■■ "The doctrine of assumption of [the] risk is an affirmative defense [that, if proven,] absolve[s] a defendant of liability for having created an unreasonable risk." *Rickey v. Boden*, 421 A.2d 539, 543 (R.I.1980). A plaintiff assumes the risk of harm arising from the conduct of another when he or she "knows of the existence of the risk and appreciates its unreasonable character." *Id.* The question of whether a plaintiff has assumed the risk of harm is usually one for the trier of fact. *See Hennessey v. Pyne*, 694 A.2d 691, 699 (R.I.1997); *Rickey*, 421 A.2d at 543. If the record suggests, however, that the factfinder can draw only one rational inference from the evidence on this issue, then the trial justice should grant a summary-judgment motion directed to this issue. *Hennessey*, 694 A.2d at 699.

■■■ On an appeal from a summary judgment, we review the record de novo to ascertain whether any genuine issue of material fact exists, and whether the moving party is entitled to a judgment as a matter of law. *See Marr Scaffolding Co. v. Fairground Forms, Inc.*, 682 A.2d 455, 457 (R.I. 1996). Having examined plaintiff's deposition transcript, we conclude that the hearing justice erred in granting defendants' summary-judgment motions. Portions of plaintiff's testimony suggest that, while she was generally aware of the excavation and the ruts in the rear of the yard caused by the heavy construction equipment, she was not aware of the specific holes or ruts that she fell into near the clothesline. Because the high, flattened grass or grass clippings in this portion of the property covered up these holes or ruts, plaintiff neither observed nor otherwise became aware of their specific presence before stepping into them and injuring herself. *See Hennessey*, 694 A.2d at 700 (reasoning that, although plaintiff was aware of the general risk involved in being struck by stray golf balls anytime she ventured outside her condominium in playable weather, the evidence did not indicate that she was aware of this particular risk at the time she was struck).

Indeed, while plaintiff "knew the ruts were over there[,] this [area where she fell] was all grass, high grass flattened down. *** [P]art of it was cut, part of it wasn't. *** So there was a lot of grass clippings thrown." Thus, it appears from the record that in the area of the yard where plaintiff fell, the holes or ruts she fell into were not obvious. On the contrary, either the heavy equipment had flattened down the high, uncut grass—thereby hiding the holes or ruts from plaintiff's view—or the grass clippings left there after someone attempted to cut the high grass in this area likewise had obscured them. As plaintiff described her injurious missteps, "part of the grass had just been separated; there was a hole there. *** [I]t was an indentation of a foot they call it of a machine, a backhoe." Drawing all inferences in plaintiff's favor, her deposition testimony suggests that, while she was aware of the ruts or holes that were in plain view, particularly in other parts of the backyard, she was unaware of the specific concealed depressions into which she fell on the day in question.

■■■ Moreover, as in *Hennessey*, a factual question exists concerning whether defendants' conduct unreasonably impinged upon plaintiff's exercise of a valuable property right by preventing her from using a significant portion of the premises over an extended period of time, thereby involuntarily compelling her either to assume the risk of injury, or to forfeit her right to use this part of the property. *See Hennessey*, 694 A.2d at 699–700; *see also Morrocco v. Piccardi*, 713 A.2d 250 (R.I.1998) (rejecting an assumption-of-the-risk defense as a matter of law based upon the homeowner's decision to walk over her driveway in icy conditions).

We recognize that, at trial, the defendants may use many of the plaintiff's admissions during her deposition to suggest that she voluntarily assumed the risk (or at least was contributorily negligent) when she ventured out into the backyard knowing that it was dangerous because the ground was uneven and contained various ruts or holes in certain

places. However, drawing all inferences in her favor, we also recognize that a reasonable jury could possibly conclude either that she did not in fact appreciate or assume the specific risk of injuring herself by falling into grass-covered holes or ruts in the particular part of the yard where she fell, or that the defendants' conduct unreasonably compelled her to assume this risk involuntarily.

For these reasons, the plaintiff's appeal is sustained. We vacate the orders granting summary judgment and the final judgments entered in favor of the defendants, and remand this case to the Superior Court for trial.

Chief Justice WEISBERGER and Justice GOLDBERG did not participate.