Nathan HABIB

v.

EMPIRE PRODUCTIONS, INC., d.b.a. Empire Theater et al.

No. 98–165–Appeal.

Supreme Court of Rhode Island.

Nov. 1, 1999.

Stephen A. Gordon, Providence, for Plaintiff.

Joseph C. Salvadore, Providence, for Defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

1. Summary judgment had been entered earlier in favor of the defendant, Gary Pollard

## O P I N I O N

PER CURIAM.

This case came before the Court for oral argument on September 21, 1999, pursuant to an order entered on February 3, 1999, directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal will be summarily decided.

The plaintiff, Nathan Habib (plaintiff), appeals from a Superior Court order denying his motion for a new trial following a jury verdict in favor of the defendant, Empire Productions, Inc., d.b.a. Empire Theater (defendant). The jury's verdict was based upon its finding that the plaintiff had assumed the risk of his being injured.[1] In his appeal he asserts that no evidence was adduced at trial that could support a jury instruction on the assumption of the risk doctrine, and that the trial justice additionally erred in instructing the jury on the respective burdens of proof. The trial record, we believe, supports the propriety of the trial justice's instruction regarding assumption of the risk.

## I

### Case Facts

On November 19, 1992, the plaintiff, during his third day of volunteering to clean out trash and rubble at the Empire Theater building on Block Island in the town of New Shoreham, fell through a portion of the theater floor, suffering minor injuries as a result. Following brief treatment provided for his injuries, the plaintiff returned to the trash-ridden theater and continued to volunteer in the cleanup work.

d.b.a. Maiden Lane Kinetics.

The theater building and property had recently been purchased by Gary Pollard (Pollard), a defendant. Two years prior thereto, the plaintiff had viewed the property with a real estate agent. At that time, and up until the time of the accident, the building was boarded up and without electricity. The real estate agent, Michelle Phelan, testified that when she showed the property to the plaintiff, in addition to there being signs on the building declaring it to be unsafe, she told the plaintiff about the structure's unsafe condition. She additionally stated that it was readily apparent that some portions of the building were in obvious need of repair.

At trial Pollard testified that he had continually warned all members of the cleanup crew to proceed with caution on all parts of the property. He testified also that the plaintiff was aware of an architectural report concerning the safety of the building. One member of the cleanup crew, Mark McLaughlin (McLaughlin), testified that he repeatedly warned the plaintiff about particular unsafe conditions in the building on the day of the plaintiff's fall. In fact he testified that on that day, after noticing deterioration in a particular area of the floor, he immediately pointed it out to the plaintiff and Pollard. He then cautioned them to be careful and told them that he would put some plywood over that particular section of the deteriorated floor. McLaughlin testified that within a very short time thereafter, he heard the plaintiff's scream for help and discovered that he had fallen through the floor in the precise area about which he had been given warning.

The plaintiff presented a sharply contrasting version of events. He denied knowing that the building was dangerous. He testified that had he known of the danger, he would never have entered the building. He denied also ever having had any discussions with Pollard regarding the condition of the building or that Pollard had shown him an architectural report. He claimed that he was unaware that the building had been condemned. The plaintiff additionally testified that prior to the accident, he had not been warned by McLaughlin about the unsafe condition of the particular area where the accident occurred.

After presentation of the trial evidence, the jury returned its verdict in favor of the defendant, finding that although the defendant had been negligent, the plaintiff had voluntarily assumed the risk of his injury. The plaintiff now appeals, claiming that the trial justice's jury instructions with respect to his assumption of the risk, as well as the respective burdens of proof emanating from his negligence claim and the defendant's assumption of the risk defense, were erroneous.

## II

### Analysis

■ "The doctrine of assumption of [the] risk is an affirmative defense [that, if proven,] absolve[s] a defendant of liability for having created an unreasonable risk." *Walker v. Jackson*, 723 A.2d 1115, 1117 (R.I.1999) (per curiam) (quoting *Rickey v. Boden*, 421 A.2d 539, 543 (R.I.1980)). "A plaintiff assumes the risk of harm arising from the conduct of another when he or she knows of the existence of the risk and appreciates its unreasonable character.'" *Id.* "This is a subjective standard, keyed solely on the observations and understandings of the plaintiff at the time of injury." *Martins v. Omega Electric Co., Inc.*, 692 A.2d 1203, 1205 (R.I.1997) (per curiam). Consequently "[t]he question of whether a plaintiff has assumed the risk of harm is usually one for the trier of fact." *Walker*, 723 A.2d at 1117.

■ In his instructions to the jury the trial justice stated:

"One who voluntarily chooses to encounter a risk with knowledge of its possible consequences regardless of how the knowledge was acquired of the risk to which he thus exposes himself may voluntarily assume such risk. Thus, if it

appears to you that the plaintiff was aware of the peril or should have been aware of the peril claim at the Empire Theater on Block Island, Town of New Shoreham, then there can be no recovery if you find that he knowingly assumed this risk."

That instruction was erroneous. To prove an assumption of risk defense, one must show that the party who is alleged to have assumed the risk did in fact have actual knowledge of the precise risk before electing to encounter it. *See Walker,* 723 A.2d at 1117. The trial justice, by including the language "should have been aware" in his instruction, misstated the required standard of proof required for assumption of the risk. However, because the plaintiff failed to object to that particular language used in the instruction, it became the law of the case and is not before us in this appeal. *See DiFranco v. Klein,* 657 A.2d 145, 147 (R.I.1995) (requiring a specific objection so that a trial justice is apprised of the precise nature of an alleged error).

■ The plaintiff asserts that no evidence had been produced at trial to support the giving of an instruction on the doctrine of assumption of the risk. We disagree. The record reveals testimony, conflicting as it might be, concerning the plaintiff's actual knowledge of the dangerous condition of the building. It is obvious from the jury's verdict that the jurors had rejected the plaintiff's testimony regarding his lack of knowledge concerning those dangerous conditions. Because the facts of this case certainly permit more than one reasonable inference from which the plaintiff's assumption of the risk of injury could be drawn, that issue became a question of fact that was properly submitted to the jury. *See Salmeron v. Nava,* 694 A.2d 709, 713 (R.I.1997).

■ The plaintiff's second claim of error, alleging that the trial justice erred when instructing the jury on the respective burdens of proof, is not properly before us. The record reveals that the plaintiff failed specifically to object to that alleged error, and it is considered to be waived. The instruction, we nonetheless note, when read in its entirety, did properly inform the jury that the burden of proof on the issue of assumption of the risk did indeed rest with the defendant. *State v. Speaks,* 691 A.2d 547, 552 (R.I.1997) (prohibiting "the extraction of a single sentence or phrase from a trial justice's jury instructions to constitute reversible error").

After our review of the record, we conclude that the trial justice committed no error when he denied the plaintiff's motion for a new trial. For the foregoing reasons the plaintiff's appeal is denied, and the judgment of the Superior Court is affirmed. The papers in this case are remanded to that Court.