Christopher LANG

v.

The RED PARROT, INC. et al.

No. 98–480–Appeal.

Supreme Court of Rhode Island.

Feb. 23, 2000.

David P. Kerins, Newport, for plaintiff.

Paul G. Pino, Robert G. Clark, III, Brocton, MA, Paul S. Callaghan, Providence, for defendant.

Present WEISBERGER, C.J., and LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The plaintiff, Christopher Lang (the plaintiff), appeals from a Superior Court summary judgment dismissing his negligence action against the defendants, Admirals Inns, Inc., and the Thames Street Limited Partnership, a Rhode Island limited partnership (collectively, the defendants), pursuant to Rule 56 of the Superior Court Rules of Civil Procedure.[1] This case came before the Court for oral argument pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing the parties and reviewing the memoranda submitted by them, we are of the opinion that cause has not been shown, and we proceed to decide the appeal at this time without further briefing or argument.

On May 13, 1993, employees of the Red Parrot Restaurant, in Newport, Rhode Island, were busy preparing for the restaurant's grand opening. The plaintiff, a newly hired bartender, was assigned the duty of stocking the first-floor bar. To accomplish this task, he was required to bring beer and liquor up from the basement of the building. It was suggested to him that he use the dumbwaiter. He had never used the dumbwaiter before and had not been instructed on its use or operation, but because he believed that it would facilitate his task, he decided that he would avail himself of its service.

In the basement of the building, the plaintiff loaded the dumbwaiter with cases of beer, closed its door and pressed its starter button. He then went upstairs to the first-floor kitchen to meet the dumbwaiter and retrieve the beer. Upon arrival, he was unable to open its door. Assuming that it had not yet arrived, the plaintiff waited several minutes. When there was still no sign of the dumbwaiter, he decided to investigate.

In the wall above the dumbwaiter door, there was a service access panel that opened into the dumbwaiter shaft. The panel was fastened with butterfly clasps that easily could be removed. The plaintiff unfastened the clasps, removed the panel and peered into the shaft. He observed downward-moving cables and believed that the dumbwaiter was descending from the first floor to the basement. He became curious and put his head sideways into the shaft to look downwards. It was only when his head was in the shaft that, almost simultaneously, he realized that the dumbwaiter was not below him, that the shaft actually continued up to the second floor, and that there was movement just above his head. Before he could pull his head out of the shaft, the dumbwaiter struck his face and jaw.

The trial justice, without addressing the issue of proximate cause, granted the defendants' motion for summary judgment,

1. The other defendants named in the complaint, the Red Parrot, Inc., Otis Elevator Company, and Flinchbaugh–Murray, Inc., are not parties to this appeal.

finding that the plaintiff had assumed the risk of his injuries. The plaintiff appeals.

## Analysis

On appeal, the plaintiff asserts that there was a complete absence of any evidence in the case record indicating that he was subjectively aware of the risk of his injury when he placed his head into the dumbwaiter shaft to determine the whereabouts of the dumbwaiter.

This Court has stated previously:

" 'The doctrine of assumption of [the] risk is an affirmative defense [that, if proven,] absolve[s] a defendant of liability for having created an unreasonable risk.' * * * 'A plaintiff assumes the risk of harm arising from the conduct of another when he or she knows of the existence of the risk and appreciates its unreasonable character.' * * * 'This is a subjective standard, keyed solely on the observations and understandings of the plaintiff at the time of injury.' * * * Consequently, '[t]he question of whether a plaintiff has assumed the risk of harm is usually one for the trier of fact.' " *Habib v. Empire Productions, Inc.*, 739 A.2d 662, 664 (R.I.1999) (per curiam).

■ The record reveals that: the plaintiff was a new employee of the restaurant and had never used the dumbwaiter before the accident; he had not been given any instructions about its operation; and, before placing his head into the dumbwaiter shaft, he was unaware that it extended upwards to the second floor. When the plaintiff placed his head into the shaft, he believed that the dumbwaiter was descending from the first floor to the basement and was completely unaware that he was subjecting himself to any risk of injury. The mere placement of one's head into a dumbwaiter shaft certainly might be considered a risky act, but under the facts of the case, and based upon the observations and understandings of the plaintiff at the time of the injury, we conclude that while the plaintiff may have been negligent, he did not knowingly assume the risk of his injury.

In *Splendorio v. Bilray Demolition Co.*, 682 A.2d 461, 467 (R.I.1996), we acknowledged that the acts or conduct of a party which might be viewed as constituting negligence, will not be actionable unless those acts or conduct proximately cause injury or damage to another. The defendants in this case essentially contend that there was insufficient evidence to permit a finding that any acts or omissions on their part constituted negligence; regardless, they contend, there was no evidence that any such acts or omissions proximately caused the plaintiff to look into the dumbwaiter shaft. We disagree.

■ There is evidence in the record that the defendants directed and permitted the plaintiff to use the dumbwaiter without first instructing him about its operation. In addition, the opening into the dumbwaiter shaft was secured only by mere butterfly clasps that, by a simple hand turn, would expose the shaft opening and, because of its placement and ready accessibility, reasonably could lead one to believe that it was intended and placed so as to provide convenient access into the shaft opening to determine the location of the dumbwaiter. Those evidentiary facts could permit a reasonable fact finder to conclude negligence on the part of the defendants. The determination of whether that negligence proximately caused the plaintiff's injury created a material issue of fact that precluded summary judgment. *See id.*

For the foregoing reasons, we sustain the plaintiff's appeal, vacate the summary judgment, and remand the case to the Superior Court for trial on the merits.