Joseph IMBRUGLIO

v.

PORTSMOUTH IGA, INC.

No. 98–494–Appeal.

Supreme Court of Rhode Island.

March 17, 2000.

Ronald J. Resmini, Barrington, Paul S. Cantor, Providence.

David H. Stillman, Braintree, MA.

### ORDER

This case came before the Court for oral argument on March 7, 2000, pursuant to an order that directed the plaintiff to show cause why the issues raised by this appeal should not be summarily decided. After having considered the memoranda filed by the parties and argument of counsel, we are of the opinion that cause has been shown and, therefore, proceed to decide the issues at this time.

The plaintiff, Joseph Imbruglio (plaintiff), has appealed from a judgment entered in the Superior Court in favor of the defendant, Portsmouth IGA, Inc. (defendant). The sole issue raised in this appeal is based on plaintiff's contention that the trial justice erred in submitting the issue of assumption of the risk to the jury for its consideration. The facts insofar as pertinent to this appeal are as follows.

On January 19, 1989, plaintiff was employed as a truck driver and had completed a delivery at defendant's supermarket premises. He had entered the premises through a front entrance and proceeded to a loading dock at the rear. Rather than leaving the store through the front entrance, plaintiff descended from the loading dock by stepping on two plastic milk crates that were stacked on top of each other next to the loading dock. The upper milk crate was located twenty-two inches below the surface of the loading dock. At

the time of the accident, plaintiff was sixty years of age and weighed 230 pounds.

As plaintiff stepped on to the upper milk crate, it became dislodged, causing plaintiff to fall. The fall resulted in personal injuries to plaintiff. Among the instructions given to the jury, over the objection of plaintiff's counsel, was the following instruction on assumption of the risk. This instruction was also accompanied by a general instruction on negligence, which is also quoted below.

"[T]he plaintiff must prove by a fair preponderance of the evidence that, one, defendant through its agents and/or employees was negligent; two, defendant's negligence in natural or probable sequence caused the accident; and three, the accident in natural or probable sequence produced the injuries and damages for which the plaintiff seeks to be compensated.

* * *

"Now, in your consideration of the question of liability, you may consider whether the plaintiff, Joseph Imbruglio, assumed the risk attendant with the situation about which he complains. When a person voluntarily proceeds or continues in a course of conduct knowing and appreciating the danger, he will be held to have assumed the risk incident to his conduct and such conduct, if any there be, results in absolving the defendant of any duty toward that person.

"To prove assumption of the risk, the burden of proof is upon the defendant to establish that plaintiff knew of the danger, appreciated its unreasonable character, and then voluntarily exposed himself to it. Since the standard of whether the plaintiff voluntarily exposed himself to the danger is a subjective one, you must look to the evidence to determine what the plaintiff saw, knew, understood, and appreciated."

The trial justice also submitted a verdict form to the jury which specifically asked whether "the plaintiff Joseph Imbruglio has proven by a fair preponderance of the

credible evidence that the injuries he complains of were proximately caused by the negligence of the defendant * * *." The jury responded in the negative and returned a general verdict in favor of the defendant. The verdict form did not specifically ask whether plaintiff assumed the risk of injury by descending from the loading dock. However, plaintiff argues that this instruction contributed to the finding of the jury that defendant was not negligent.

After the rendition of the verdict plaintiff filed a motion for new trial on the ground that there was no evidence upon which the jury could base a conclusion that plaintiff had subjective appreciation of the risk involved in descending from the loading dock by way of the milk crates. In response to this motion, the trial justice made the following observation:

"It was obvious, it had to be obvious to Mr. Imbruglio, that this was not the regular means to leave the dock given the situation that we have, the stack of two milk cartons, no handrails, no other stairs around, and the fact that I can't ignore, the fact that when he went into the premises he did in the proper way, by the front of the store, as testified to by everybody."

We are of the opinion that the trial justice did not err in submitting the question of assumption of the risk to the jury. It is well established by our cases that when a person voluntarily and knowingly enters a dangerous situation, that person essentially absolves a defendant for having created an unreasonable risk of harm. *Filosa v. Courtois Sand and Gravel Co.*, 590 A.2d 100, 103 (R.I.1991) (citing *Kennedy v. Providence Hockey Club, Inc.*, 119 R.I. 70, 76, 376 A.2d 329, 333 (1977)). Assumption of the risk is an affirmative defense which must be pleaded and proved by the party asserting it. *See Rickey v. Boden*, 421 A.2d 539, 543 n. 5 (R.I.1980). We have further held that "[i]n determining whether a plaintiff assumed the risk of a defen-

dant's negligent conduct, we must discern from the evidence whether that plaintiff voluntarily exposed himself to a known and appreciated danger." *Filosa,* 590 A.2d at 103. The standard is subjective and "is keyed to 'what the particular plaintiff in fact sees, knows, understands and appreciates.'" *Id.* (quoting *Kennedy,* 119 R.I. at 75, 376 A.2d at 332). The question of whether a plaintiff has assumed the risk is a question for the trial of fact. *See Walker v. Jackson,* 723 A.2d 1115, 1117 (R.I.1999).

We are of the opinion that under the facts set forth in the case at bar, there was ample evidence to create a question of fact for the jury on this issue. Assuming arguendo that there was evidence of negligence on the part of defendant by placing the milk crates adjacent to the loading dock, there was certainly evidence upon which a jury could infer and upon which the trial justice could infer that plaintiff could subjectively appreciate the nature of the risk involved.

Consequently, the plaintiff's appeal is denied and dismissed. The judgment of the Superior Court is affirmed and the papers in the case may be remanded to the Superior Court.